UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,  :
 :  **SUMMARY ORDER**
 -against-  :
 :  10-CR-120 (DLI)
WADIE JAAFAR,  :
 :
 Defendant.  :
------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On January 13, 2011, defendant Wadie Jaafar pled guilty to the first count of a superseding indictment for conspiring to launder proceeds of counterfeit clothing trafficking, in violation of Title 18 United States Code Section 1956. On June 28, 2011, the court sentenced the defendant to thirty-seven (37) months of incarceration and three (3) years of supervised release with conditions. On September 7, 2011, more than two months after sentence was imposed, the defendant filed the instant motion asking the court to reduce his sentence because several of his codefendants were sentenced to terms of probation and, in some cases, with the special condition of home detention. (*See* Docket Entry 333.) There is no merit to the defendant's application and for the reasons set forth below it is denied.

As an initial matter, the defendant's application fails to comply with Federal Rule of Criminal Procedure 35(a). Pursuant to Rule 35(a) a motion to reduce a sentence may be made only to correct arithmetical, technical or other clear error, and the court may correct the sentence only within fourteen (14) days of sentencing. FED R. CRIM P. 35(a); *see also Dolan v. U.S.*, 130 S. Ct. 2533, 2545 (2010) (Roberts, C.J., dissenting) (noting that Congress has revoked the broad authority to correct illegal sentences as originally set forth in Rule 35 and that, otherwise, "an error may be corrected by the trial court only if it is 'clear,' and only within 14 days after the sentence is announced.") (internal citations omitted). Because the defendant does not allege any

1

arithmetical, technical, or other clear error in his sentence, there are no grounds to support the defendant's motion.  Further, because more than fourteen (14) days have passed between the time sentence was imposed and the time defendant's motion was filed, the court lacks jurisdiction under Rule 35 to consider the defendant's application.  *See U.S. v. Jessop*, 2006 WL 1877143, at *2 (N.D.N.Y. July 6, 2006) (citing *U.S. v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995)). For these reasons alone the defendant's application is denied.

In the alternative, even if the court were to consider the merits of the defendant's application, it still must be denied.  Here, the defendant concedes that the court "very meticulously, went through all" of the sentencing factors set forth in Title 18 U.S.C. § 3553(a), before sentencing him, thus the defendant asks the court to reconsider his sentence only in light of the different sentences the court imposed on some of his codefendants.  (*See* Docket Entry 333 at 2.)  Pursuant to 18 U.S.C. § 3553(a)(6), "[i]n imposing a sentence, the district court is required to consider, among other things, 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *U.S. v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) (citations omitted).  "[S]ection 3553(a)(6) requires a district court to consider nationwide sentence disparities[.]"  *Id.* (citations omitted).  However, it does not "require that sentencing courts consider sentencing disparities among codefendants, particularly when the codefendants are not similarly situated."  *U.S. v. Andino*, 277 F. App'x. 126, 128 (2d Cir. 2008) (citing *U.S. v. Wills,* 476 F.3d 103, 109-11 (2d Cir. 2007), *abrogated on other grounds, U.S. v. Cavera,* 550 F.3d 180 (2d Cir. 2008)).

Here, the defendant is not similarly situated to his codefendants because of his criminal history and the central role he played in the instant case.  In light of this dissimilarity, the difference between the defendant's sentence and the lesser sentences imposed on his codefendants is reasonable.  *See Andino*, 277 F. App'x. at 128 (disparity in sentence between

defendant and his codefendants warranted in light of fact that defendant's level of participation in the criminal activity and his background make him dissimilar from the codefendants). Specifically, as noted by the government, the defendant was previously arrested in New Jersey, on August 22, 2002, for fencing and receiving stolen property. (*See* Docket Entry 335 at 2 n.1.) After completing a pretrial intervention program, community service, and paying restitution, his charges for trafficking in stolen clothing were dismissed. (*Id.*) Despite this, the defendant persisted in the same pattern of behavior and was again arrested and convicted in this instant matter on similar charges. Unlike those codefendants who were first time offenders, the defendant's criminal history warrants a need for stronger deterrence in the form of a lengthier incarceration term. *See* 18 U.S.C. § 3553(a)(2)(B) (factors a court considers when imposing a sentence include, *inter alia*, the need to afford adequate deterrence to criminal conduct). Moreover, unlike the codefendants who received probationary sentences in this matter, the instant defendant played a central role in this crime as a large scale distributor of the counterfeit clothing.

Accordingly, in light of the defendant's prior criminal history and his central role in this counterfeit clothing crime, his sentence was reasonable.

**Conclusion**

For the foregoing reasons the defendant's application is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2011

/s/
_____
DORA L. IRIZARRY
United States District Judge